UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2014 MAR 27  PM 2: 38

**GRACE SCARPA**

**Plaintiff(s)**

v.

Case No. 3:14-cv-347-J-20PDB

**GREAT LAKES HIGHER EDUCATION
GUARANTY CORPORATION.**
**Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

GRACE SCARPA ("Ms. Scarpa" or "Plaintiff") sues GREAT LAKES HIGHER

EDUCATION GUARANTY CORPORATION ("GREAT LAKES" or "Defendant"), and states:

### I. INTRODUCTION

1.      This is an action for actual and statutory damages brought by Plaintiff, an

individual consumer, against Defendant for its violations of the Fair Debt Collection Practices

Act, 15 U.S.C. §§ 1692a-1692g (hereinafter referred to as "FDCPA") and the Florida Consumer

Collection Practices Act, Fla. Stat. §§ 559.55-559.785 (hereinafter referred to as "FCCPA"),

which, inter alia, prohibit debt collectors from engaging in abusive, deceptive, and unfair debt

collection practices.

### II. PARTIES

2.      Plaintiff is a natural person residing in Duval County, FL. At all times material,

Plaintiff resided in Duval County, Florida. Plaintiff is a "consumer" as defined by 15 U.S.C. §

1692a(3).

3.      GREAT LAKES is a "debt collector" as defined by 15 U.S.C. § 1692a(6). Its

principal place of business is located at 2401 International Lane, Madison WI 53704. GREAT

LAKES' principal business is the collection of third party debts.

## III. JURISDICTION AND VENUE

4.     Jurisdiction of the Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this district is proper in that the alleged violation by GREAT LAKES took place in Jacksonville, Duval County, FL.

## IV. FACTUAL ALLEGATIONS

5.     On August 13, 2010 (the "Petition Date"), Plaintiff filed a petition for relief under Title 11 Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") in Case No. 3:10-bk-07068-JAF (the "Bankruptcy Case"). A copy of the redacted § 341 Notice is attached as Exhibit 1.

6.     Ms. Scarpa filed her Bankruptcy Case in an effort to obtain, among other relief contemplated by the Bankruptcy Code, (i) protection under 11 U.S.C. § 362 to prevent harassing debt collectors from contacting them in collection efforts; and (ii) a financial "fresh start".

7.     As required by the Bankruptcy Code, Ms. Scarpa filed her schedules, lists, and statements in their Bankruptcy Case. GREAT LAKES was included in the Schedule F of unsecured creditors.

8.     The debt at issue is a consumer debt. The debt results from student loans.

9.     GREAT LAKES filed proof of claim number 14 in the Bankruptcy Case. GREAT LAKES clearly received actual notice of the Bankruptcy Case. A copy of Proof of Claim #14 is attached as Exhibit 2.

10.     On October 19, 2010, Ms. Scarpa filed her Second Amended Chapter 11 Plan of

Reorganization (the "Chapter 11 Plan"), which provided for disposable income payments of $50 per month distributed pro rata to unsecured creditors. GREAT LAKES would receive a portion of these payments on account of its unsecured claim.

11.     On March 22, 2011, the Court entered an Order Confirming Debtor's Second Amended Plan of Reorganization (the "Confirmation Order").

12.     Ms. Scarpa commenced making payments pursuant to the Confirmation Order. Ms. Scarpa has complied with the provisions of the Confirmation Order.

13.     Upon Ms. Scarpa's request, on October 17, 2012, the Court entered an Order Administratively Closing the Chapter 11 Case ("Admin. Close Order"). A copy of the Admin Close Order is attached as Exhibit 3. As reflected in paragraph 3 of the Admin Close Order, the automatic stay of 11 U.S.C. 362 remains in effect. Furthermore, the provisions of the Confirmation Order continue to bind Ms. Scarpa and her creditors, including GREAT LAKES. Although GREAT LAKES holds a non-dischargeable claim, the automatic stay prohibits continued collection on the account.

14.     On or about February 25, 2014, GREAT LAKES, despite the automatic stay entered in the Bankruptcy Case and the provisions of the FDCPA and FCCPA, GREAT LAKES mailed a demand for payment to Ms. Scarpa for collection of the pre-petition debt which had been included in Debtor's Chapter 11. A copy of the demand for payment letter is attached as Exhibit 4.

15.     Upon information and belief, GREAT LAKES has sent approximately eight (8) collection notices to Ms. Scarpa over the past few months.

16.     Upon information and belief, GREAT LAKES has sent approximately eight (8) collection notices to Ms. Scarpa over the past few months.

17.     Upon information and belief, GREAT LAKES has recently called Ms. Scarpa ten (10) times seeking to collect the pre-petition debt.

18.     Upon information and belief, Ms. Scarpa has telephonically communicated to GREAT LAKES six (6) times that she is currently in bankruptcy, yet GREAT LAKES continues to contact her for collection.

19.     GREAT LAKES continued to actively collect against a Debtor in bankruptcy even after receiving actual notice several times, both from the bankruptcy court and from Ms. Scarpa.

20.     GREAT LAKES knew of Ms. Scarpa's legal representation and contacted Ms. Scarpa directly in spite of this knowledge.

## V. CLAIMS FOR RELIEF
## COUNT I – FDCPA VIOLATIONS

21.     The Plaintiff realleges the factual allegations in paragraphs one (1) through twenty (20) above.

22.     In order to establish a cause of action under the FDCPA, Plaintiff must prove that: (1) Plaintiff is a consumer; (2) the debt at issue is a consumer debt; (3) Defendant is a debt collector; and (4) Defendant violated the FDCPA. As stated above, all four elements are met in the instant case.

23.     While Plaintiff asserts multiple violations of the FDCPA, a single violation of any FDCPA provision is sufficient to establish liability. *See* 15 U.S.C. § 1692k; *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1993). A debt collector that violates any provision of the FDCPA is liable for (1) actual damages, (2) statutory damages up to $1,000 per Plaintiff, and (3) costs and attorney fees associated with the bringing of a successful action to enforce the provisions of the FDCPA.

24.    "Most courts, including the Eleventh Circuit, have treated the FDCPA as a strict liability statute, such that no evidence of intent to mislead or deceive is necessary." *Milton v. LTD Fin. Servs*, 2011 U.S. Dist. LEXIS 7426 (S.D. Ga. 2011) (citing *Owen v. I.C. System, Inc.*, 629 F.3d 1263 (11th Cir. 2011). Thus, Defendant's malevolence or lack thereof, is irrelevant in establishing liability.

25.    GREAT LAKES violated the FDCPA. Defendant's violations include, but are not limited to, the following:

a.    GREAT LAKES violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person. Ms. Scarpa informed GREAT LAKES of her pending bankruptcy repeatedly. Nevertheless, GREAT LAKES continued to repeatedly contact Ms. Scarpa telephonically and in writing to collect the pre-petition debt.

b.    GREAT LAKES violated 15 U.S.C. § 1692c(a)(2) by contacting Ms. Scarpa directly when GREAT LAKES  knew that the Plaintiff was represented by an attorney in connection with the debt.

c.    GREAT LAKES misrepresented the character and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A). The demand for payment letter implied that collection activities would continue, although collection activities were already barred by virtue of 11 U.S.C. § 362. GREAT LAKES threatened further collection action that could not legally be taken, thereby violating 15 U.S.C. § 1692e(5).

d.    By sending a collection notice to a debtor in bankruptcy, Defendant used unfair means to attempt to collect the debt thereby violating 15 U.S.C. § 1692f(1). Specifically, Defendant sought to recover amounts not permitted by law.

26.     GREAT LAKES violated multiple provisions of the FDCPA as outlined above, including 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692f, 1692f(1), 1692g. Accordingly, GREAT LAKES is liable to Ms. Scarpa for actual damages, statutory damages, and reimbursement of attorney fees and costs associated with the filing of this action.

## COUNT II – FCCPA VIOLATIONS

1.     The Plaintiff realleges the factual allegations in paragraph one (1) through sixteen (16) above. The FCCPA provisions apply to the instant case as Ms. Scarpa is a consumer, GREAT LAKES is a debt collector, and the debt at issue is a consumer debt.

2.     GREAT LAKES has violated the FCCPA. Defendant's violations include, but are not limited to:

a.     GREAT LAKES willfully communicated with Ms. Scarpa with such frequency as can reasonably be expected to harass Ms. Scarpa, thereby violating § 559.72(7) of the FCCPA.   GREAT LAKES clearly knew of the pending bankruptcy and sought to collect preferential payment when such preferential payment is prohibited by Ms. Scarpa's confirmed Chapter 11 Plan and the Bankruptcy Code.   Ms. Scarpa repeatedly informed GREAT LAKES of her pending bankruptcy. Nevertheless, GREAT LAKES continued to repeatedly contact Ms. Scarpa telephonically and in writing to collect the pre-petition debt.

b.     GREAT LAKES attempted to enforce a debt and asserted a legal right when GREAT LAKES knew such right to collect did not exist, thereby violating § 559.72(9) of the FCCPA.   GREAT LAKES clearly knew of the pending bankruptcy and sought to collect preferential payment when such preferential payment is prohibited by Ms. Scarpa's confirmed Chapter 11 Plan and the Bankruptcy Code.

c.      GREAT LAKES contacted Ms. Scarpa directly when GREAT LAKES knew that Ms. Scarpa all the while was represented by an attorney in connection with the debt and such attorney was readily accessible, thereby violating § 559.72(18) of the FCCPA.  GREAT LAKES clearly knew of the pending bankruptcy and that Ms. Scarpa was represented by counsel in connection with the debt. Among other evidence, GREAT LAKES filed proof of claim 14 in the Bankruptcy Case.

3.      Pursuant to Florida Statute § 559.77, GREAT LAKES is liable to Ms. Scarpa for actual damages, statutory damages, and reimbursement of attorney fees and costs associated with the filing and prosecution of this action.

WHEREFORE, Plaintiff respectfully prays for (i) declaratory judgment in favor of Ms. Scarpa finding GREAT LAKES violated the above stated provisions of the FDCPA and the FCCPA; (ii) judgment in favor of Ms. Scarpa awarding actual and statutory damages; (iii) an award equal to any and all attorney fees and costs associated with bringing this action; and (iv) any and all other relief that the Court deems necessary and just.

The Plaintiff demands a jury trial on all issues so triable.

DATED this 27 day of March , 2014.

Law Offices of Mickler & Mickler

By: _____
      TAYLOR J. KING
Attorney for Plaintiff
5452 Arlington Expressway
Jacksonville, Florida 32211
(904) 725-0822\FAX 725-0855
Florida Bar No. 72049
tjking@planlaw.com

7